In the Matter of PORTO RICO IRON WORKS, INC., Debtor.

The CHASE MANHATTAN BANK, N.A., Banco Popular de Puerto Rico, Scotiabank of Puerto Rico, Banco de San Juan, Appellants,

v.

The UNITED STATES of America (ECONOMIC DEVELOPMENT ADMINISTRATION), Appellee.

Civ. No. 84–0469 (JAF).

United States District Court, D. Puerto Rico.

Feb. 24, 1987.

Leopoldo J. Cabassa Saurí, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., for appellants.

Asst. U.S. Atty. Francisco A. Besosa, Daniel López-Romo, U.S. Atty., San Juan, P.R., for appellee.

## OPINION AND ORDER

FUSTE, District Judge.

We have before us a final appealable order from the bankruptcy court dated December 8, 1983. The narrow issue presented for review is whether an earlier mortgage over real property destined and used for industrial purposes encumbers all the movable property there located, with preference over a subsequent chattel mortgage executed over the mentioned movable property. The now superseded Puerto Rico Mortgage Law of 1893, 30 L.P.R.A. secs. 1–775 (1965),[1] is of application. We hold that the earlier mortgage encumbering the real estate prevails over the subsequent chattel mortgage, as far as the industrial equipment or movable property (chattels) is concerned.

### I.

The facts are not disputed. On July 19, 1977, Banco de San Juan, Banco Popular de Puerto Rico, Banco Mercantil, and The Chase Manhattan Bank of Puerto Rico, executed loan agreements with debtor, Porto Rico Iron Works, Inc., in the total amount of $1,250,000. The loan agreements were subscribed before a notary public, under affidavit. They are supported by various promissory notes issued. In addition, debtor delivered and pledged to the banks a mortgage note in the principal sum of $1,250,000, bearing interest at the rate of 15% per annum, payable on demand. The mortgage was duly recorded at the Registry of Property as a first mortgage lien over the debtor's business-related real estate.

Thereafter, in 1978, the Economic Development Administration (EDA) lent an additional $2,000,000 to the debtor. EDA requested as security for the loan a two-prong guarantee, to wit: a second mortgage over debtor's realty and a chattel[2] mortgage upon debtor's machinery and equipment. EDA admits that the second mortgage over real property is subordinated to the banks' security interest in the real property mortgaged. The parties seem to agree on the fact that the $2,000,000–EDA government loan, with the two-prong guarantee mentioned before, was executed and registered after the first mortgage over real property. As a matter of fact, the first transaction dates back to July 19, 1977. The second transaction took place on February 3, 1978. Also undisputed is the fact that the "movables" object of the subsequent chattel mortgage were used only in connection with the exploitation of debtor's business (see transcript, bankruptcy proceedings, September 22, 1983, at 25–30).

### II.

Once debtor filed for bankruptcy, the bankruptcy court appointed a trustee, who, after securing the prior approval of the court, proceeded to sell the movables or chattel property located in the business building of debtor. After the sale, the banks claimed that they were entitled to execute said movable property as part of their original security. On the other hand, EDA argued that the first mortgage over real property did not extend to the equipment or movables. On December 8, 1983, the bankruptcy court entered an order denying the banks' motion for application of the proceeds of the sale of the movables (chattels) to them based on the argument that the movable property was not permanently attached to the realty. Citing Pérez v. Matos, 48 P.R.R. 582 (1935), the bankruptcy court concluded that the first mortgage over real property did not cover the equipment. Obviously, it followed that the equipment was only encumbered as a result of the second transaction.

---

**1.** The Mortgage Law of 1893 was superseded by the Mortgage and Property Registry Act of 1979, 30 L.P.R.A. secs. 2001–2821 (1979).

**2.** Under the Civil Code of Puerto Rico, chattel property is defined as movable property. Civil Code of Puerto Rico (1930) secs. 265–272, 31 L.P.R.A. secs. 1061–1068. The same Code defines real property as immovables. Civil Code of Puerto Rico (1930) secs. 261–264, 31 L.P.R.A. secs. 1041–1044.

### III.

In deciding the issue, the bankruptcy court missed the fact that the definition of "movable" or "immovable" by destination was not at issue here. Civil Code of Puerto Rico (1930), arts. 261–272, 31 L.P.R.A. secs. 1041–1068. The Mortgage Law of 1893 clearly states that when the realty is one dedicated to an industrial operation, and a mortgage encumbers the property, the same will also constitute a lien over the chattels there located. Art. 111 of the Mortgage Law, 1893, 30 L.P.R.A. sec. 207. *See* Manresa, J., *Comentarios al Código Civil Español,* Vol. III (7th ed. 1952). Although EDA claims that the subsequent chattel mortgage is more specific and should prevail over the first mortgage existing over the building, the argument would only be valid under articles 161 and 162 of the 1979 Mortgage Law, but not under the now superseded 1893 Mortgage Law, 30 L.P.R.A. secs. 2557–2558. In this respect, an examination of the superseded law, in light of actual legal disposition, gives us the solution to the dispute. The same is evident from a mere reading of the two statutes.

Article III of the Mortgage Law of 1893, 30 L.P.R.A. sec. 207, provides:

In accordance with the provisions of the preceding section, *the following shall be considered to have been mortgaged jointly with the estate, even though not mentioned in the contract, provided they belong to the owner thereof:*

1. *Movable objects permanently attached to a building, either for its adornment or purposes of comfort, or for the service of some industry, even though it shall have been attached after the mortgage was constituted.*

30 L.P.R.A. sec. 207 (emphasis added).

Article 162 of the Mortgage Law of 1979, 30 L.P.R.A. sec. 2558, provides:

Unless there is a specific agreement or legal provision to the contrary, a mortgage, whatever the nature and form of the obligation that it secures, shall not include:

(1) Movable objects that are permanently placed on the mortgaged property, either for its decoration, comfort or development, or for industrial use, unless they cannot be removed without breaking the material or deteriorating the object.

(2) The crops, in whatever state they may be.

(3) Rentals which are due and unpaid at the time payment of the secured loan is required.

(4) The construction of new buildings where there were none before.

30 L.P.R.A. sec. 2558.

We now hold that the banks possessed a valid first-ranking, enforceable lien over the equipment (movables or chattels). Since the court authorized the sale of the equipment in 1983 at the request of the EDA, we will leave open to decision by the bankruptcy court whether the banks are entitled to the funds now deposited with the estate under 11 U.S.C. secs. 362, 365, and the applicable case law.

Accordingly, this cause is now REMANDED to the bankruptcy court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.